Filed 2/9/16  P. v. Sermeno CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ANTHONY LEE ALTAMIRANO SERMENO,<br><br>　　　　Defendant and Appellant. | C079321<br><br>(Super. Ct. No. CM042599) |

On February 15, 2015, Jonathan Murphy discovered his bank card was stolen. The stolen card was used to make purchases at several locations.  Surveillance video footage from some of those locations showed defendant, Anthony Lee Altamirano Sermeno, present during the card's unauthorized use.  Defendant was arrested and searched.  The officer conducting the search found defendant in possession of credit cards that did not belong to him.  Defendant admitted he was present when Murphy's stolen card was used at two of the several locations.

1

The People subsequently charged defendant with four felonies and two misdemeanors. The People further alleged defendant served a prison term within five years of the alleged offenses. Defendant pled no contest to grand theft and admitted serving a prior term in prison. The trial court sentenced defendant to four years in county jail and awarded him 145 days of custody credit. The trial court, however, suspended 1,096 days of defendant's sentence and imposed mandatory supervision.

Defendant appeals. On June 15, 2015, the trial court denied his request for a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant. We nevertheless note a sentencing error. In orally pronouncing judgment, the trial court imposed the following fines and fees: "Restitution fine pursuant to 1202.4 in the amount of $1200.

"The restitution fine suspended in the sum of $1200. General fine under 672 for $300 with surcharges. Penalty assessments total sum of $500. A presentence investigation report of $736, the Court will find no ability to pay that."

The abstract of judgment, however, reflects that the court ordered the following: "Pay a fine per PC672 in the amount of $200.00, plus a $40.00 Court Surcharge per PC 1465.7, a $100.00 State Court Facilities Construction Fund per GC 70372(a), a $200.00 State Penalty Assessment per PC 1464, a $140.00 County Penalty Assessment per GC

76000, a $20.00 DNA Identification Fund per GC 76104.6, an $80.00 DNA Identification Fund per GC 76104.7, a Court Operations Assessment of $40.00 per PC 1465.8 and a Conviction Assessment fee of $30.00 per GC 70373, for a total of $850.00." The restitution fines were separately recorded in the abstract of judgment.

When there is a discrepancy between the oral pronouncement of judgment and the minute order/abstract of judgment, the oral pronouncement controls. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070; *People v. Mesa* (1975) 14 Cal.3d 466, 471.) The trial court's oral pronouncement of "surcharges" appended to the $300 fine under Penal Code section 672, and "[p]enalty assessments" totaling $500 may include these fines and fees, but the court did not so designate and a court clerk cannot supplement the judgment orally pronounced by adding them in the abstract. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.) As we explained in *People v. High* (2004) 119 Cal.App.4th 1192, 1200, "[a]lthough we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." Accordingly, we vacate the surcharges appended to the $300 fine and the "[p]enalty assessments total sum of $500" order and direct the trial court on remand to separately state each and every fee, fine and/or penalty included in those amounts and the statutory basis therefore.

## DISPOSITION

The trial court's order for surcharges appended to the $300 fine and "[p]enalty assessments total sum of $500" are vacated and the matter is remanded for further proceedings in accordance with this opinion. The trial court is directed to prepare an

3

amended abstract of judgment accordingly and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

/s/
Robie, J.

We concur:

/s/
Blease, Acting P. J.

/s/
Hoch, J.

4